# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTANCE LYTTLE, individually and on behalf of the UNITED STATES OF AMERICA, and the UNITED STATES OF AMERICA,<br>      Plaintiffs,<br><br>vs.<br><br>AT&T CORPORATION, also known as AT&T ACCESSIBLE COMMUNICATIONS SERVICES,<br>      Defendant. | Civil Action No. 10-1376 |

## MEMORANDUM ORDER

Presently before the Court is the "Unopposed Motion of the United States to Vacate the November 15, 2012 Report and Recommendation, and the Memorandum Orders of December 28, 2012 and January 15, 2013," filed in the above-captioned matter on November 7, 2013. (Docket No. [111]). In its Motion, the United States asks the Court to vacate three judicial opinions entered by the Court (specifically, a Report and Recommendation authored by United States Magistrate Judge Robert C. Mitchell[1] and two Memorandum Orders authored by the undersigned District Judge) during the pendency of this litigation and indicates that neither Realtor Constance Lyttle nor Defendant AT&T oppose the Motion. (*Id.*). The United States argues that an order vacating said decisions is appropriate because of all of the following: (1) the parties have achieved a settlement of the case; (2) the United States disagrees with this Court's holding that TRS Funds are not federal funds, which resulted in dismissal of certain claims; (3) the United States District Court for the Southern District of Texas has reached a divergent decision in *United States ex rel. Shupe v. Cisco, et al.*, Civ. A. No. 2:10-cv-8, Doc. 75 (S.D. Tex. May 13, 2013); and, (4) the United States has "an

1

avid interest" in having the False Claims Act continue to protect "federal funds," such as the TRS funds in this case, from fraud, while this Court's opinions allegedly prevent it from doing so in subsequent cases. (*Id.*). For the following reasons, the United States' Motion [111] is DENIED.

At the outset, the Court notes that the United States has not set forth the appropriate standard of review for determining whether the extraordinary relief of vacating judicial precedent is warranted but notes only that it is "uncommon" for a Court to grant this type of relief. (*See* Docket No. 111 at ¶ 6). However, the Court understands that such a request is truly extraordinary and a matter left to the Court's discretion after balancing the equities of the parties and their desire to vacate the judicial opinions against the rights of the public and the general legal community of the judicial precedent in future cases and the orderly operation of the federal judicial system, wherein an appeal to a higher court is the primary route through which litigants may challenge judgments. *See McKinney v. Philadelphia Housing Authority*, Civ. A. No. 07-4432, 2010 WL 2510382, at *2 (E.D. Pa. Jun. 16, 2010). To this end, the Supreme Court has reasoned that "judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp Mortgage Company v. Bonner Mall Partnership*, 513 U.S. 18, 26 (1994). Further, the United States Court of Appeals for the Third Circuit has recognized that a court should not generally vacate a civil judgment absent exceptional circumstances, which do not include the mere fact that litigants have reached a settlement of their disputes subsequent to the issuance of the decision. *See Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 220 (3d Cir. 2003). Having considered these decisions and other relevant precedent, and after fully weighing all of the

---

[1] The undersigned notes that Magistrate Judge Mitchell has served this Court with aplomb for over forty years.

relevant factors, the Court holds that vacating the judicial precedent is not in the interests of justice and the United States' Motion must be denied.

Initially, this Court believes that the interests of the parties in the vacation of the judicial decisions, for the reasons set forth in the United States' Motion, are not sufficiently extraordinary to warrant the requested relief. *See Sentinel Trust*, 316 F.3d at 220. On this point, the United States advises that the parties have "agreed to settle this case" and that "an express condition of the settlement" was that AT&T would not object to the United States filing the instant motion. (Docket No. 111 at ¶¶ 3, 4). Given such averments, it is apparent to the Court that the settlement of the case is not contingent on the Court's vacation of the cited opinions and will be consummated regardless of this Court's decision. (*Id.*). Therefore, the Court's ruling on the present motion will not further the parties' settlement efforts in any meaningful way and it will likewise not conserve any future judicial resources because the services of the judiciary appear to no longer be needed to preside over the parties' disputes.[2] *Cf. McKinney*, 2010 WL 2510382, at *2 (vacating a prior opinion in part because the parties settled the matter after jury selection but prior to opening arguments and advised the court at that time that one of the agreed-upon terms was that the plaintiff would not contest a motion to vacate a summary judgment decision). In addition, there has been no allegation that the judicial decisions pose an impediment to the settlement of this matter and it is clear that no such

---

[2] The fact that the settlement of this case is not dependent on the vacation of the opinions makes this matter distinguishable from the single, prior case where this Court agreed to vacate a summary judgment opinion and order, i.e., *Tracey Fultz v. Liberty Life Assurance Company of Boston*, Civ. A. No. 05- 1542, 2008 WL 1773941 (W.D. Pa. Apr. 6, 2008). Fultz is further distinguishable because it was an individual ERISA case wherein she claimed that the defendant wrongly stopped paying her long-term disability benefits. *Id.* After this Court granted summary judgment in her favor, and held that she was entitled to the previously denied benefits, she filed a motion for attorneys' fees in this Court and Defendant filed an extension of time within which to appeal the adverse summary judgment decision. *See Docket Report*, Civ. A. No. 05-1542. At that point, the parties continued to negotiate and resolved the matter, which they reported was expressly contingent on the vacation of the decision. *Id.* Thus, the vacation of the decision in Fultz furthered the parties' settlement efforts and also conserved judicial resources given the outstanding litigation matters that were pending at the

impediment exists because the United States has agreed to settle the case without first having the decisions vacated. (*See* Docket No. 111). Further, it is clear that neither AT&T nor the Realtor, despite their consent, have any real interest in the vacation of the judicial opinions as these parties do not have an interest in continuing to litigate these issues in additional forums and have resolved the instant case. (*See id.*).

In contrast, the United States avers that it has an "avid interest" in litigating the disputed legal issues in other forums and has cited the *Shupe* matter as one such case where a District Court interpreted the law in a manner more favorably to its position. (Docket No. 111 at ¶ 8). However, the *Shupe* decision was issued on May 13, 2013 and was not timely presented to this Court as a basis for reconsideration of the prior decisions which the United States now seeks to have vacated. (*See* Docket No. 96 (noting this Court's practice that motions for reconsideration must be filed within seven days of the judicial decision seeking to be challenged)). Moreover, *Shupe* was decided by a District Court located outside the Third Circuit and thus, is not controlling on this Court.

Additionally, the United States did not advise this Court that the *Shupe* decision is on appeal before the United States Court of Appeals for the Fifth Circuit or that the *Lyttle* decisions which it now seeks to vacate have been cited as persuasive authority in those proceedings. (*See* Docket No. 111). Upon review of the dockets in those matters, this Court quickly discovered that the District Court granted the defendants leave to pursue an interlocutory appeal because its May 13, 2013 opinion "involves a controlling question of law as to which there is substantial ground for difference of opinion" on the disputed issues, and explicitly cited this Court's opinions in *Lyttle* as contrary precedent justifying the interlocutory appeal. *See Shupe,* Docket No. 83 (S.D. Tex. Jun. 11, 2013).

---

time of settlement.

Indeed, on appeal, the defendants/appellants in *Shupe* have cited the *Lyttle* matter in their opening appellate briefs while Realtor Shupe and the United States have yet to file their respective appellee (presently due 12/4/13) and amicus briefs (to be filed after appellee brief). *See United States of America, ex rel. Rene Shupe v. Cisco Systems, Inc., et al.*, Appeal No. 13-40807, Docket Report. Thus, despite the United States' proclamation that it seeks vacation of this Court's decision because of its general interest in protecting its rights to pursue litigation of the disputed issues in other forums, (Docket No. 111 at ¶ 8), it appears that the more specific, undisclosed reason for such action is to buttress its position in the appeal before the Fifth Circuit in *Shupe* by attempting to remove the contrary (albeit, non-binding) precedent from the consideration of the Fifth Circuit. In light of *Bonner* and *Sentinel*, among other decisions, this is not an appropriate basis for setting aside the judicial opinions authored by Magistrate Judge Mitchell and the undersigned. Further, the lack of candor by counsel in failing to fully disclose the true reasons for the request undermines the position of the United States in pursuing this motion and is a sufficient basis to deny the request, even if the motion was appropriately supported. *See e.g.*, PA. RULES OF PROF'L CONDUCT R. 3.3(a)(2) (2012) ("A lawyer shall not knowingly … fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel); 3.3(d) ("In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.").

This Court must also view the United States' request to vacate the decisions in the context of this litigation as a whole. In this regard, this is not the first attempt by the United States to "vacate" the Court's rulings on the TRS Funds issue because in March of 2013 it filed a "Motion to File Out-

of-Time its Motion for Reconsideration or, in the Alternative, for Entry of Final Judgment or for Certification for Interlocutory Appeal" (Docket No. 93), wherein it sought reconsideration of this Court's Order dismissing the common law claims. After considering Defendant's opposition to the motion, this Court denied reconsideration because the motion was untimely filed in violation of this Court's Practices and Procedures and the Federal Rules of Civil Procedure, and was otherwise not appropriate under the prevailing law and facts. (Docket No. 96). Although the United States proffered that it intended to seek an interlocutory appeal of the dismissal of the challenged claims to the United States Court of Appeals for the Third Circuit, it never explicitly pursued such an appeal but apparently pursued the settlement agreement with Realtor and Defendants instead. (*See* Docket Report). Also, the timing of the parties' settlement of this matter such that it occurred after the Court's rulings was largely in control of the parties, who could have negotiated a settlement amongst themselves at any point during the pendency of this matter, which was filed initially in October of 2010.

All told, the United States stands before the Court as a dissatisfied litigant that: (1) made a previous failed attempt to challenge the decisions via an untimely motion for reconsideration; (2) did not pursue an interlocutory appeal to attempt to have the decisions vacated by a higher tribunal; (3) is willing to settle the case without the Court vacating the opinions; (4) is presently arguing to a different tribunal that this Court's rulings are incorrect in litigation with third parties not involved in this lawsuit; and, (5) has not been completely forthright with the Court. These are simply not the types of "exceptional circumstances" which would warrant the requested relief or outweigh the strong public policy considerations which support leaving the judicial precedent intact, absent controlling precedent to the contrary. *See Sentinel Trust*, 316 F.3d at 220.

As to the general policy considerations, the Court of Appeals has recognized that:

> [w]hen a clash between genuine adversaries produces a precedent, ... the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property.

*Clarendon Ltd. v. Nu-W. Indus., Inc.*, 936 F.2d 127, 129 (3d Cir. 1991) (quoting *Matter of Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988)). Further, while this Court certainly encourages litigants to voluntarily settle their disputes, as is apparent in this Court's mandatory Alternative Dispute Resolution Program, "a losing party with a deep pocket" such as the United States of America "should not be permitted to use a settlement to have an adverse precedent vacated." *Clarendon*, 936 F.2d at 129 (citing *United States v. Garde*, 848 F.2d 1307, 1311 (D.C. Cir. 1988)). Such principles are even stronger in the instant case because there are known "other litigants" and Courts which are presently looking to this Court's decisions in the context of the *Shupe* litigation and to unceremoniously vacate those decisions at the behest of the United States—which is an interested party in that litigation—would run counter to the interests of justice rather than further those interests. *See Bonner*, 513 U.S. at 26 ("judicial precedents … should stand unless a court concludes that the public interest would be served by a vacatur."). Additionally, because the request to vacate the opinions emanates from the Executive Branch and its Department of Justice, the Court is also mindful that "our Constitution unambiguously enunciates a fundamental principle—that the 'judicial Power of the United States' must be reposed in an independent Judiciary. It commands that the independence of the Judiciary be jealously guarded, and it provides clear institutional protections for that independence," *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 60 (1982), such that the Court should not accede to the demands of a co-equal branch of our Government to

vacate adverse precedent, absent exceptional circumstances which are not present here. Therefore, the Court finds that the interests of the public, the general legal community, other litigants such as the parties in the *Shupe* litigation and the orderly operation of the federal judicial system far outweigh the interests of the United States, Realtor Lyttle and AT&T in having the November 15, 2012 Report and Recommendation, and the Memorandum Orders of December 28, 2012 and January 15, 2013 vacated as a result of their settlement agreement. *See Sentinel*, 316 F.3d at 220.

For these reasons,

IT IS HEREBY ORDERED that the United States' Motion [111] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: November 13, 2013

cc/ecf: All counsel of record.